| | |
|---|---|
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>Jonathan D. Selbin<br>(*pro hac vice* to be filed)<br>Email:  jselbin@lchb.com<br>250 Hudson Street, 8th Floor<br>New York, NY  10013<br>Telephone:  (212) 355-9500<br>Facsimile:  (212) 355-9592 | MEYER WILSON CO., LPA<br>Matthew R. Wilson (*pro hac vice* to be filed)<br>Email:  mwilson@meyerwilson.com<br>Michael J. Boyle, Jr. (*pro hac vice* to be filed)<br>Email:  mboyle@meyerwilson.com<br>1320 Dublin Road, Ste. 100<br>Columbus, OH  43215<br>Telephone:  (614) 224-6000<br>Facsimile:  (614) 224-6066 |
| LIEFF CABRASER HEIMANN & BERNSTEIN, LLP<br>Daniel M. Hutchinson<br>(*pro hac vice* to be filed)<br>Email:  dhutchinson@lchb.com<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone:  (415) 956-1000<br>Facsimile:  (415) 956-1008 | KIM LAW FIRM LLC<br>Yongmoon Kim<br>Email:  ykim@kimlf.com<br>411 Hackensack Avenue, 2nd Floor<br>Hackensack, NJ 07601<br>Telephone:  (201) 273-7117<br>Facsimile:  (201) 273-7117 |

*Attorneys for Plaintiff and the Proposed Class*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN L. JEFFERSON, *on behalf of himself and all others similarly situated*,<br><br>          Plaintiff,<br><br>     v.<br><br>GENERAL MOTORS FINANCIAL COMPANY, INC., d/b/a AMERICREDIT, f/k/a AMERICREDIT CORP.<br><br>          Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO 47 U.S.C. § 227 *ET SEQ.* (TELEPHONE CONSUMER PROTECTION ACT)**<br><br>CLASS ACTION<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Stephen L. Jefferson (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1. Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of General Motors Financial Company, Inc. d/b/a AmeriCredit Corp. (hereafter "AmeriCredit") in contacting Plaintiff and Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA").

2. On March 5, 2007, the Federal Communications Commission ("FCC" or "Commission") issued a citation to AmeriCredit for violating the TCPA by making automated calls to consumers, admonishing AmeriCredit that "[i]f, after receipt of this citation, you or your company violate the Communications Act or the Commission's rules in any manner described herein, the Commission may impose monetary forfeitures not to exceed $11,000 for each such violation or each day of a continuing violation."

3. AmeriCredit nonetheless continued to make automated calls.  As a result, AmeriCredit has already been sued for, and has settled on a class wide basis, a class action lawsuit alleging precisely the behavior described herein.  *See Newman v. AmeriCredit Financial Services, Inc.,* No. 11-cv-3041-DMS (BLM) (S.D.Cal.).

4. Yet the illegal calls have continued.  AmeriCredit has violated the TCPA by contacting Plaintiff and Class members on their cellular telephones via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or by using "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A), without their prior express consent within the meaning of the TCPA.

5. Plaintiff brings this action for injunctive relief and statutory damages resulting from AmeriCredit's illegal actions.

## JURISDICTION AND VENUE

6. This matter in controversy exceeds $5,000,000, as each member of the proposed Class of thousands is entitled to up to $1,500.00 in statutory damages for each violation of the TCPA. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2). Further, Plaintiffs allege a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

7. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

8. This Court has personal jurisdiction over AmeriCredit because AmeriCredit has established minimum contacts showing it has purposefully availed itself of the resources and protection of the State of New Jersey. AmeriCredit is authorized to do business in New Jersey and the conduct at issue occurred in or was directed toward individuals in the state of New Jersey.

9. Venue is proper in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a) because AmeriCredit is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced and AmeriCredit's contacts with this District are sufficient to subject it to personal jurisdiction.

10. Venue in the Newark Vicinage is proper because Plaintiff's permanent residence is located in Ridgefield Park, Bergen County, New Jersey.

## PARTIES

11. Plaintiff Stephen L. Jefferson is, and at all times mentioned herein was, an individual citizen of the State of New Jersey.

12. Defendant General Motors Financial Company, Inc. is a Texas corporation with its headquarters and principal place of business in Fort Worth, Texas. It does business under the trade name "AmeriCredit," and was formerly known as AmeriCredit Corp.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

13. In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telephone practices.

14. The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

15. According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

16. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party.[4] The FCC "emphasize[d] that prior express consent is deemed to be granted

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA). The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*

[2] 47 U.S.C. § 227(b)(1)(A)(iii).

[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2008 FCC Declaratory Ruling"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).

only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

17. In the same Declaratory Ruling, the FCC emphasized that creditors and their third party debt collectors are liable under the TCPA for debt collection calls made on the creditors' behalf. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call... A third party collector may also be liable for a violation of the Commission's rules.").

18. On July 10, 2015, the FCC released new guidance with regard to the definition of autodialers under the TCPA. In its 2015 Declaratory Ruling, the FCC clarified that "autodialers need only have the capacity" to function as an autodialer, "rather than the present ability to do so."[6] In doing so, it rejected the proposed "human intervention" test, which would require plaintiffs to demonstrate that the system in question made the calls without any "human intervention" in the process.[7] Therefore, all dialing systems that possess the "potential ability" to make automated calls fall within the definition of an autodialer for TCPA purposes.[8]

19. In the same 2015 FCC ruling, the agency also clarified that a "called party" under the TCPA "is the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan."[9] In doing so, the FCC clarified that the relevant

---

[5] 2008 FCC Declaratory Ruling, 23 F.C.C.R. at 564-65 (¶ 10).
[6] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("2015 FCC Declaratory Ruling"), 30 FCC Rcd. 7961, 30 F.C.C.R. 7961 (F.C.C.) (2015) (¶ 15).
[7] 2015 FCC Declaratory Ruling (¶ 20).
[8] *See* 2015 FCC Declaratory Ruling, (¶ 18-19) (holding, *e.g.*, that a rotary-dial phone falls outside of the definition of an autodialer under the TCPA).
[9] *Id.* at (¶ 73).

test for TCPA purposes is whether the party who the debt collector *actually reached* provided consent, not the party the debt collector was *trying* to reach with the call.[10]

## FACTUAL ALLEGATIONS

20. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

21. On or around September 20, 2010, Plaintiff's wife, Lisa Jefferson, financed her vehicle with AmeriCredit. Lisa Jefferson provided neither her cellular telephone number nor Plaintiff's cellular telephone number to AmeriCredit when she financed her vehicle with AmeriCredit.

22. Plaintiff does not have an AmeriCredit account. Plaintiff's name is not on the title to the vehicle, and Plaintiff has no legal responsibility for the AmeriCredit loan. On information and belief, AmeriCredit may have obtained Plaintiff's cell phone number when AmeriCredit classified him as a credit reference from Mrs. Jefferson. At no point did Plaintiff provide prior express consent to AmeriCredit to contact him on his cellular telephone using an automated telephone dialing system in connection with Mrs. Jefferson's account.[11]

23. On April 9, 2015, Plaintiff received a telephone call on his cellular telephone from telephone number 705-876-5332. Plaintiff did not pick up the call. The caller left a voicemail message asking for Plaintiff's wife.

24. From February through July 2015, Plaintiff received additional calls from AmeriCredit, including from the 705-876-5332, 705-876-5327 and 705-876-1163 telephone numbers.

---

[10] *Id.* at (¶ 78).

[11] Nor can Mrs. Jefferson give consent on behalf of Plaintiff to AmeriCredit to call Plaintiff's cell phone. *See* 2015 FCC Declaratory Ruling, (¶ 49) ("Importantly, the Commission emphasized that an intermediary can only convey consent that has actually been obtained, and cannot provide consent on behalf of another party." (citing *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, GroupMe, Inc./Skype Communications S.A.R.L. Petition for Expedited Declaratory Ruling, 29 FCC Rcd 3442 ((¶ 14) (2014)).

25. On information and belief, given the apparent debt collection purpose of the calls and the many calls received within a short period of time, the calls received by Plaintiff were made using a system that qualifies as an automated dialer under the TCPA and relevant FCC regulations.

26. AmeriCredit is, and at all times mentioned herein was, a "person", as defined by 47 U.S.C. § 153(39).

27. Pursuant to FCC Rulings and relevant case law, AmeriCredit is directly liable for the TCPA violations of its debt collectors when such third parties make debt collection calls on behalf of AmeriCredit.

28. All telephone contact on behalf of AmeriCredit to Plaintiff on his cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. § 227(b)(1)(A).

29. The telephone number on which Plaintiff was contacted on behalf of AmeriCredit with an "artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

30. Plaintiff did not provide his "prior express consent" allowing AmeriCredit or its debt collectors to place telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

31. Telephone calls made to Plaintiff's cellular phone by on behalf of AmeriCredit were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

32. Telephone calls to Plaintiff's cellular phone on behalf of AmeriCredit utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).

33.     Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on AmeriCredit to demonstrate that Plaintiff provided it with prior express consent within the meaning of the statute.[12]

## CLASS ACTION ALLEGATIONS

34.     Plaintiff brings this action on behalf of himself and all other persons similarly situated (hereinafter referred to as "the Class").

35.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who, on or after May 27, 2014, received a non-emergency telephone call from or on behalf of AmeriCredit to a cellular telephone through the use of an automatic telephone dialing system and/or an artificial or prerecorded voice.

Collectively, these persons will be referred to as "Class members." Plaintiff represents, and is a member of, the Class. Excluded from the Class are GM Financial and any entities in which AmeriCredit has a controlling interest, AmeriCredit's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

36.     Plaintiff does not know the exact number of members in the Class, but Plaintiff reasonably believes that Class members number at minimum in the thousands.

37.     Plaintiff and all members of the Class have been harmed by the acts of AmeriCredit, because their privacy has been violated, they were subject to annoying and harassing calls that constitute a nuisance, and they were charged for incoming calls.

38.     This Class Action Complaint seeks injunctive relief and money damages.

39.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action

---

[12] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by AmeriCredit and/or its debt collectors.

40. There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a. Whether non-emergency calls made to Plaintiff and Class members' cellular telephones used an automatic telephone dialing system and/or an artificial or prerecorded voice;

b. Whether such calls were made by or on behalf of AmeriCredit;

c. Whether AmeriCredit can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated) to make such calls;

d. Whether AmeriCredit's conduct was knowing and/or willful;

e. Whether AmeriCredit is liable for damages, and the amount of such damages; and

f. Whether AmeriCredit should be enjoined from engaging in such conduct in the future.

41. As a person who received telephone calls using an automatic telephone dialing system and/or an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class member.  Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

42. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

43. A class action is the superior method for the fair and efficient adjudication of this controversy.  Classwide relief is essential to compel AmeriCredit to comply with the

TCPA. The interest of Class members in individually controlling the prosecution of separate claims against AmeriCredit is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

44. AmeriCredit has acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT

#### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*

45. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

46. The foregoing acts and omissions of AmeriCredit constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

47. AmeriCredit knew or should have known that its actions were in violation of the TCPA as a result, *inter alia*, of numerous consumer complaints, its prior FCC Citation, and its involvement in the *Newman* case, which AmeriCredit was in the process of settling during the class period in this case.

48. As a result of AmeriCredit's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

49. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND COUNT

### STATUTORY VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.*

50. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

51. The foregoing acts and omissions of AmeriCredit constitute numerous and multiple violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

52. As a result of AmeriCredit's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

53. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting AmeriCredit's violation of the TCPA in the future.

54. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against AmeriCredit:

A. Injunctive relief prohibiting such violations of the TCPA by AmeriCredit in the future;

B. As a result of AmeriCredit's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every violation of the TCPA;

C. As a result of AmeriCredit's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500.00 in statutory damages for each and every violation of the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class and Subclasses, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class and Subclasses;

F. Such other relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

**CERTIFICATION**

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

Dated:  April 26, 2016          By:  _/s/ Yongmoon Kim_

        LIEFF CABRASER HEIMANN
        & BERNSTEIN, LLP
        Jonathan D. Selbin
        (*pro hac vice* to be filed)
        Email:  jselbin@lchb.com
        250 Hudson Street, 8th Floor
        New York, NY  10013
        Telephone:  (212) 355-9500
        Facsimile:  (212) 355-9592

        LIEFF CABRASER HEIMANN
        & BERNSTEIN, LLP
        Daniel M. Hutchinson
        (*pro hac vice* to be filed)
        Email:  dhutchinson@lchb.com
        275 Battery Street, 29th Floor
        San Francisco, CA 94111-3339
        Telephone:  (415) 956-1000
        Facsimile:  (415) 956-1008

        MEYER WILSON CO., LPA
        Matthew R. Wilson (*pro hac vice* to be filed)
        Email:  mwilson@meyerwilson.com
        Michael J. Boyle, Jr. (*pro hac vice* to be filed)
        Email:  mboyle@meyerwilson.com
        1320 Dublin Road, Ste. 100
        Columbus, OH  43215
        Telephone:  (614) 224-6000
        Facsimile:  (614) 224-6066

        KIM LAW FIRM LLC
        Yongmoon Kim
        Email:  ykim@kimlf.com
        411 Hackensack Avenue, 2nd Floor
        Hackensack, NJ 07601
        Telephone:  (201) 273-7117
        Facsimile:  (201) 273-7117

        *Attorneys for Plaintiff and the Proposed Class*